UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LYUBOV CEPERICH, and RUSSELL CEPERICH,<br><br>                Plaintiffs,<br><br>v.<br><br>COUNTRYWIDE HOME LOANS INC., BANK OF AMERICA HOME LOANS, FIDELITY NATIONAL TITLE INSUANCE CO., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. (MERS), RECONTRUST COMPANY, NA., NORTHWEST TRUSTEE SERVICES, JOHN AND JANE DOES 1-20, and UNKNOWN BUSINESS ENTITES 1-20,<br><br>                Defendants. | Case No. 1:12-cv-063-EJL-LMB<br><br>**ORDER AND REPORT AND RECOMMENDATION** |

      This matter is before the Court on Defendants' Motions to Dismiss (Dkts. 11 & 16)[1] and Motion to Take Judicial Notice. (Dkt. 12). For the reasons stated below, the undersigned recommends that the motion be granted and that this case be dismissed in its entirety.

---

[1] Defendants Bank of America, N.A., as successor in interest to Countrywide Bank, FSB, Mortgage Electronic Registration Systems, Inc. and ReconTrust Company, N.A. are represented by Attorney Amber Dina ("Foreclosing Defendants"). Defendant Northwest Trustee Services is represented by Attorney Lance E. Olsen.

**ORDER AND REPORT AND RECOMMENDATION - 1**

# REPORT

Pro se Plaintiffs filed their Complaint on February 10, 2012, making claims relating to an alleged improper foreclosure. (Dkt. 1). Plaintiffs allege several causes of action challenging Defendants' rights to foreclose upon his residential property including breach of fiduciary duty, lack of standing, violations of the Truth in Lending Act, the Idaho Deeds of Trust Act, Real Estate Settlement Procedures Act, Consumer Protection Act, Negligent and Intentional Infliction of Emotional Distress, and Misrepresentation.

Defendants filed the pending motions to dismiss this complaint in its entirety for failure to state a claim upon which relief may be granted. Fed. R. Civ. Pro. 12(b)(6). (Dkts. 11 & 16). The Clerk of the Court gave Notice to Plaintiff of his duty to respond to the motion, and the consequence of failing to do so. (Notices, Dkts. 13 & 18). Plaintiffs' responses to the motions were due by August 30, 2012.  Plaintiffs have failed to respond, and have filed nothing with the Court since initiating this lawsuit.  The undersigned therefore deems Plaintiffs' failure to respond as consent to the Defendants' motions to dismiss under Dist. Idaho Loc. Civ. R. 7.1(e).

Furthermore, the Court has reviewed the motions and finds them well-founded. As such, they should be granted on the merits regardless of Plaintiffs' failure to respond.

# STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a party's claim for relief. When considering such a motion, the Court's inquiry is whether the allegations in a pleading are sufficient under applicable pleading standards. Rule 8(a) of the Federal

Rules of Civil Procedure sets forth the minimum pleading requirement, which is that the plaintiff provide only a "short and plain statement of the claim showing that the pleader is entitled to relief," and "giv[ing] the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

When reviewing a motion to dismiss, a district court must accept as true all non-conclusory, factual (not legal) allegations made in the complaint. *Ashcroft v. Iqbal,* 556 U.S. 662 (2009); *Erickson v. Pardus,* 551 U.S. 89 (2007). Based upon these allegations, the court examining a complaint for sufficiency of information must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc.,* 579 F.3d 943, 949 (9th Cir.2009). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949.

After any conclusory statements have been removed, the court must then analyze the remaining factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Delta Mech., Inc.,* 345 Fed. Appx. at 234. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Iqbal,* 129 S.Ct. at 1949 ( citing *Twombly,* 550 U.S. at 555). In addition, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly,* 550 U.S. at 555. In sum, a party must allege

ORDER AND REPORT AND RECOMMENDATION - 3

"enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *Iqbal,* 129 S.Ct. at 1949.

In discussing this standard, a recent Tenth Circuit Court of Appeals opinion stated that "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir.2008). In this way, while "[s]pecific facts are not necessary," a plaintiff must allege enough facts to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93.

## DISCUSSION

A.  **Motion to take Judicial Notice**

As an initial matter, Defendants request the Court take judicial notice of several documents filed with the Ada County Recorder's office pertaining to the Property. (Dkt. 12).

Generally, with respect to Rule 12(b)(6) motions, the Court may not consider any evidence contained outside the pleadings without converting the motion to one for summary judgment under Fed. R. Civ. P. 56, and allowing the non-moving party an opportunity to respond. *See* Fed. R. Civ. P. 12(b); *United States v. Ritchie*, 342 F.3d 903, 907-908 (9th Cir. 2003). "A court may, however, consider certain materials– documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice– without converting the motion to dismiss into a motion for

ORDER AND REPORT AND RECOMMENDATION - 4

summary judgment." *Id.* at 908 (citing *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002); *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir.1994); 2 James Wm. Moore et al., Moore's Federal Practice § 12.34[2] (3d ed.1999)); *Mullis v. United States Bank*, 828 F.2d 1385, 1388 (9th Cir. 1987)).

The Court may take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming the motions to dismiss into motions for summary judgment. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.,* 375 F.3d 861, 866 (9th Cir. 2004)**.**

The Court has considered the Affidavit of Amber N. Dina in Support of Motion for Judicial Notice, and the documents themselves attached to the motion as Exhibits A - E. The Court grants the motion and will consider each of the following documents in deciding Defendants' motion to dismiss:

(A) Fixed/Adjustable Rate Note ("Note");

(B) Deed of Trust;

(C) Assignment of Deed of Trust;

(D) Appointment of Successor Trustee; and

(E) Notice of Default.

(*Motion to take Judicial Notice*, Dkt. 12).

**B.     Sufficiency of Complaint**

Plaintiffs' complaint alleges various theories of invalidating an otherwise legal non-judicial foreclosure, each of which are without merit. The non-judicial foreclosure that Plaintiff complains of is governed by Chapter 15 of Title 45 of the Idaho Code. That

**ORDER AND REPORT AND RECOMMENDATION - 5**

chapter "provides a comprehensive regulatory scheme for nonjudicial foreclosure of deeds of trust." *Spencer v. Jameson,* 147 Idaho 497, 211 P.3d 106, 115 (Idaho 2009); *see also Thorian v. Baro Enters., LLC,* 387 B.R. 50, 62 (Bankr. D. Idaho 2008) ("Title 45, Chapter 15 of the Idaho Code governs foreclosure of trust deeds.").

When a deed of trust secures repayment of a loan, the real property securing the loan is conveyed "to a trustee in trust to secure the performance of [the loan] obligation." I.C. § 45–1502(3). In those circumstances, "a power of sale is [t]hereby conferred upon the trustee to be exercised after a breach of the [loan] obligation." *Id.,* § 45–1503(1). When the loan obligation is breached, the deed of trust "may be foreclosed by advertisement and sale in the manner [t]hereinafter provided." *Id.; see also Roos v. Belcher,* 79 Idaho 473, 321 P.2d 210, 213 (1958) (explaining that deeds of trust authorize "the sale of the property by the trustee without judicial proceedings ...").

The statute lists four requirements for a trustee to foreclose by advertisement and sale: First, the deed of trust and any assignments of it and appointments of a successor trustee must be recorded, as set forth in the statute. I.C. § 45–1505(1). Second, the loan must be in default. *Id.,* § 45–1505(2). Third, a notice of default must be filed and mailed in the manner set forth in the statute. *Id.,* § 45–1505(3). Fourth, no other action to recover the debt may have been instituted. *Id.,* § 45–1505(4).

After the notice of default, but at least 120 days before the trustee's sale, a notice of the sale must be issued. *Id.,* § 45–1506(2)–(7). "The sale shall be held on the date and at the time and place designated in the notice of sale" unless the sale is postponed. *Id.,* § 45–1506(8).

**ORDER AND REPORT AND RECOMMENDATION - 6**

The record before the Court shows that the procedures set forth under the Trust Deeds Act were followed in Plaintiffs' foreclosure. MERS, as the beneficiary under the Deed of Trust, had the authority to appoint the trustee. (Exhibit D to Dina Affidavit, Dkt. 12–1); *see Trotter v. Bank of New York Mellon,* 152 Idaho 842 (2012); *Cervantes v. Countrywide Home Loans, Inc.,* 656 F.3d 1034, 1044 (9th Cir. 2011); *Wadhwa v. Aurora Loan Services, LLC.,* 2012 WL 762020 (E.D. Cal. March 8, 2012); *Pantoja v. Countrywide Home Loans,* 640 F.Supp.2d 1177, 1188–89 (N.D. Cal. 2009).

MERS appointed ReconTrust as Successor Trustee on August 12, 2011. (*Exhibit C to Dina Affidavit*, Dkt. 12-1). As Trustee, ReconTrust had authority under the Deed of Trust to undertake non-judicial foreclosure proceedings. ( *Id.*).

ReconTrust executed a Notice of Default contemporaneously. (*Exhibit D to Dina Affidavit*, Dkt. 12-1). Both documents were recorded on August 15, 2011, with the Ada County Recorder's office—the county in which the property is located. ( *Id.*). The Notice of Default was sent to Plaintiff or about August 23, 2011. (*Complaint*, Dkt. 1 at 3).

Accordingly, the proper assignments and notices were duly issued and recorded. *See Trotter,* 152 Idaho at 84 (affirming that recording appointment of successor trustee, notice of default and notice of trustee sale complied with Trust Deeds Act.)

Plaintiff does not contend that the procedures themselves were not complied with, or that he did not receive notice as required under the law or the Deed of Trust, but insists that the assignments and appointments recorded were invalid. This district has already

**ORDER AND REPORT AND RECOMMENDATION - 7**

addressed and rejected Plaintiff's basis for declaring the assignments or appointments invalid in other cases[2] and rejects them here as well.

In summary, the Supreme Court of Idaho has made it clear that there is no requirement that foreclosing entities prove "standing" to undertake a non-judicial foreclosure. *Id*. The Ninth Circuit Court of Appeals has affirmed that MERS, as nominee under the deed of trust, has authority to make a valid assignment so long as provided in the deed language. *Cervantes,* 656 F.3d at 1043–44. Likewise, as agent for the lender, its successors or assigns, and under the authority granted it by the Deed of Trust, MERS has authority to foreclose on the property. *See Wadhwa,* 2012 WL 762020, at 16–17; *Pantajo,* 640 F.Supp.2d at 1188–89.

Each of Plaintiffs' claims is founded on arguments set forth above and his contention that Defendants have no legal right to foreclose on his property. Because the Court finds that Plaintiffs' Complaint (Dkt. 1) fails to allege any basis for this legal conclusion, the individual claims fail to the extent they are based on this premise. Moreover, the Court has reviewed and agrees with Defendants' arguments as to why each individual cause of action fails to state a claim upon which relief may be granted.

For the foregoing reasons, the undersigned concludes that Plaintiff's Complaint fails to state a claim upon which relief may be granted against the defendants. The undersigned further concludes that amendment cannot cure the deficiency of the complaint.

---

[2] *See, e.g., Washburn v. Bank of America, et al.,* Case No. 1:11–cv–00193–CWD; *Sykes v. MERS et al.,* 1:11–cv–377–BLW–LMB; *Burton et al. v. Countrywide Bank, FSB, et al.,* 1: 10–cv–298–EJL–LMB

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) The Foreclosing Defendants' Motion to Take Judicial Notice (Dkt. 12) is GRANTED.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) The Foreclosing Defendants' Motion to Dismiss (Dkt. 11) be GRANTED;

2) Defendant Northwest Trustee Services' Motion to Dismiss (Dkt. 16) be GRANTED; and

3) Plaintiffs' Complaint (Dkt. 1) be DISMISSED WITH PREJUDICE.

DATED: January 15, 2013

Honorable Larry M. Boyle
U. S. Magistrate Judge

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 626(b)(1) and Dist. Idaho L. Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.